**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RELVY ESQUIVEL, ID # 37446-177,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:08-CR-0174-L-BH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to an *Order of Referral* dated July 20, 2012, before the Court is the defendant's amended *Formal Motion in Request of Special Dispensation Toward Sentence Relief with Consideration for Downward Departure Through Fast-Track all in Accordance with and Pursuant to Eligibility Factors Prescribed under § 3553, 3582*, filed on September 25, 2012 (doc. 37), which is liberally construed as a motion to modify his sentence under 18 U.S.C. § 3582(c).  Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On June 3, 2008, defendant Relvy Esquivel (Esquivel) was charged by indictment with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II).  (*See* Indictment, doc. 9).  On August 25, 2008, he pled guilty without a plea agreement as charged in the indictment.  (*See* Judgment, doc. 19).  A punishment hearing was held on February 2, 2009, and Esquivel was sentenced to 240 months imprisonment, to be followed by a four-year term of supervised release.  *Id.*  Esquivel appealed on February 5, 2009, and the Fifth Circuit affirmed his conviction and sentence on November 2, 2009.  *United States v. Esquivel*, No. 09-10151 (5th Cir. Nov. 2, 2009).  On November 29, 2010, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255; that case is still pending.  *See United States v. Esquivel*, No. 3:10-cv-2417-L (N.D. Tex.).  Esquivel now asserts that he should be granted a reduction in his sentence

through the fast-track program because he has completed an extensive amount of post-sentence rehabilitation, including education, mentoring and teaching, drug rehabilitation, and gainful employment. (doc. 37 at 6-8).

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c), a district court may modify a term of imprisonment after it has been imposed under limited circumstances. Where the Bureau of Prisons has not requested a modification of sentence, a district court may only modify a sentence to the extent that it is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or where a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* § 3582(c)(1)(B), (2).

Here, Esquivel does not assert that a modification is authorized by statute, that he was sentenced based on a sentencing range that has been lowered, or that he is entitled to a reduction in sentence under Rule 35 for substantial assistance to the government. He has therefore not shown that he is entitled to a modification of his sentence under § 3582(c).

Esquivel contends that he is entitled to a reduction in sentence under the "fast track" program. This program, which falls under § 5K3.1 of the federal sentencing guidelines, is an early disposition program that began in 2003. It provides that district courts may, upon the government's motion, downwardly depart four levels in the sentencing guidelines in some cases where authorized by the Attorney General and the United States Attorney, and where the defendant pleads guilty and waives all rights, including the right to appeal and the right to habeas corpus. *See United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008). No fast-track program existed in the Northern District of Texas when Esquivel pled guilty. *United States v. Turrubiartes-Hernandez*, 2011 WL

2587051, *2 (N.D. Tex. June 30, 2011).  Furthermore, while the Attorney General in the beginning

of 2012 authorized fast-track programs in all districts, this program is available only for those

charged with illegal reentry.  *See United States v. Orozco-Lopez*, 2012 WL 4074343, *3 (N.D. Tex.

Sept. 15, 2012); *United States v. Uribe*, 2012 WL 2119912, *2 (W.D.La. June 8, 2012).  Esquivel

pled guilty to possession with intent to deliver a controlled substance, and he did not waive either

his right to appeal or his right to habeas corpus.  Therefore, even if this Court had jurisdiction to

reduce Esquivel's sentence under § 3582 because a fast-track program has been newly implemented,

which it does not, Esquivel would not have been entitled to any reduction in his sentence under this

program.

### III.  RECOMMENDATION

Esquivel's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) should be

**DENIED**.

**SIGNED on this 28th day of September, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE